

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

## No. 07-13-00180-CR

ANTHONY G. HEREFORD, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2007-416,291, Honorable Jim Bob Darnell, Presiding

November 3, 2014

## ORDER ON MOTION TO SET BAIL

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Anthony G. Hereford, Jr., has filed a motion in which he requests that this Court set reasonable bail pending final disposition of his appeal. We grant his motion.

Appellant appealed his conviction by jury of the offense of possession with intent to deliver a controlled substance. As a result of this conviction and the finding that two enhancements were true, appellant was sentenced to imprisonment for a period of seventy-five years.

After concluding that the trial court committed reversible error in allowing the State to introduce impermissible hearsay statements in violation of the confrontation clause, we rendered judgment reversing the conviction and remanding the cause to the trial court. *See Hereford v. State,* No. 07-13-00180-CR, 2014 Tex. App. LEXIS 10073, at *22 (Tex. App.—Amarillo September 8, 2014, no pet.)

By his motion, appellant requests that this Court set bail at $50,000. The State filed a response to appellant's motion requesting that this Court set appellant's bail at a minimum of $50,000.

We are authorized to set bail upon request by an appellant in the following circumstances:

> If a conviction is reversed by a decision of a Court of Appeals, the defendant, if in custody, is entitled to release on reasonable bail, regardless of the length of term of imprisonment, pending final determination of an appeal by the state or the defendant on a motion for discretionary review. If the defendant requests bail before a petition for discretionary review has been filed, the Court of Appeals shall determine the amount of bail. If the defendant requests bail after a petition for discretionary review has been filed, the Court of Criminal Appeals shall determine the amount of bail. The sureties on the bail must be approved by the court where the trial was had. The defendant's right to release under this subsection attaches immediately on the issuance of the Court of Appeals' final ruling as defined by Tex. Cr. App. R. 209(c).

TEX. CODE CRIM. PROC. ANN. art. 44.04(h) (West 2006).

So, having reversed appellant's conviction and having been requested to set bail at a time prior to the filing of a petition for discretionary review, we have authority to consider appellant's motion. While article 44.04(h) directs that the defendant be released on reasonable bail, it does not specify the factors we are to consider when determining the appropriate sum. Certain general rules govern the amount of bail to be required, which are as follows:

2

1. The bail shall be sufficiently high to give reasonable assurance that the undertaking will be complied with.

2. The power to require bail is not to be so used as to make it an instrument of oppression.

3. The nature of the offense and the circumstances under which it was committed are to be considered.

4. The ability to make bail is to be regarded, and proof may be taken upon this point.

5. The future safety of a victim of the alleged offense and the community shall be considered.

*Id.* art. 17.15 (West 2005).

To set a bail that is sufficiently high to give reasonable assurance that appellant will comply with the requirements that will arise in this proceeding, while avoiding setting bail so high that it might be oppressive, we must consider appellant's financial resources. *See id.* In his motion, appellant represents that he is currently incarcerated, is indigent but has help from family members to obtain money for bail and will be able to obtain employment once he is released. However, appellant admits that he did receive a settlement with the city regarding a prior lawsuit. He does not state the amount of that settlement and represents that it has already been spent.

Because the State has elected to not file a petition for discretionary review with the Texas Court of Criminal Appeals, our mandate will issue on November 24, 2014. Appellant's pretrial bail was originally set at $25,000 but later was increased to $50,000 due to violations of the conditions on his bond. We believe that $50,000 is a reasonable bail amount. Considering the factors on which we have been provided information and endeavoring to strike a balance between ensuring appellant's presence and avoiding oppressive bail, we GRANT appellant's motion for reasonable bail pending final

determination of appeal and order that appellant be released from incarceration upon his posting bail of $50,000.  *See* TEX. CODE CRIM. PROC. ANN. art. 44.04(h).

It is so ordered.

Per Curiam

Do not publish.